

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**NICOLETTE PELLEGRINO**
*Assistant Corporation Counsel*
Phone: (212) 356-2338
Fax: (212) 356-3509
npellegr@law.nyc.gov

March 20, 2023

VIA E.C.F.
Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 11201

  Re: Andrew Moss v. the City of New York, et al.,
     23 Civ. 01632

Your Honor:

  I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendant the City of New York ("City") in the above referenced matter. The City writes – with Plaintiff's consent – to respectfully request (a) a sixty-day extension of time to respond to the Complaint, from March 23, 2023, to May 22, 2023, and (b) that the Court *sua sponte* also extend the time for the individual defendants to respond to the Complaint – assuming that they are properly served by May 1, 2023 – to May 22, 2023. This is the City's first request for an extension of time in this matter.

  By way of relevant background, on February 27, 2023, Plaintiff initiated this action against the City, "Doctor Doe 1," Correction Officer Ebaka, Doctor Achim Huggins, Correction Officer Melvine Lewis, "Nurse Doe 1," "Officer Does Nos. 1-10," and Captain Smith. (See Dkt. No. 1.)

  On February 28, 2023, requests for summonses were made, and on March 2, 2023, electronic summonses were issued for the City, Doctor Achim Huggins, and Correction Officer Melvine Lewis. (See Dkt. Nos. 5, 6.)

  Upon information and belief, on March 2, 2023, the City was served. Thus, the City's response to the Complaint is due twenty-one days later, *i.e.*, on March 23, 2023.

  There are several reasons for seeking an extension of time in this matter. First, in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure,

this Office requires sufficient time to investigate the allegations set forth in the Complaint. The requested enlargement of time will afford this Office an opportunity to gather the relevant documents and investigate this matter.

Furthermore, upon information and belief, the individually named defendants have not yet been served. If they are properly served, this Office must then determine, pursuant to Section 50-k of the New York General Municipal Law and based on a review of the case, whether it will represent them in this action. The defendants must then decide whether they wish to be represented by this Office. If so, this Office must obtain their written authorization. Only after this process has been followed can this Office determine how to proceed in this case. (See General Municipal Law § 50(k); see also Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); see also Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (noting that the decision to bestow legal representation upon individual defendants is made by the Corporation Counsel as set forth in state law)).

Finally, as noted above, the individual officers have not yet been served and, thus, this Office does not yet represent them. However, the requested extension of time will afford time for the defendants to each be served and permit all defendants to submit one responsive pleading, which would benefit the Court and the parties as it would minimize the need to cite to multiple responses. Moreover, having one response would avoid any potential confusion that may arise with respect to the defendants' claims and defenses.

Accordingly, the City respectfully requests, with Plaintiff's consent: (a) a sixty-day extension of time to respond to the Complaint, from March 23, 2023, to May 22, 2023; and (b) that the Court *sua sponte* also extend the time for the individual defendants to respond to the Complaint – assuming that they are properly served by May 1, 2023 – to May 22, 2023.

The City thanks the Court for its time and consideration.

Respectfully submitted,

/s/ *Nicolette Pellegrino*

Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC:   VIA E.C.F.
      Sara Wolkensdorfer, Esq.
      *Attorney for Plaintiffs*