| | | |
|---|---|---|
| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | NICOLETTE PELLEGRINO<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2338<br>Fax: (212) 356-3509<br>Email: npellegr@law.nyc.gov |

May 18, 2023

VIA E.C.F.
Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York

    Re:    Andrew Moss v. the City of New York, et al., 23 Civ. 01632

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendant the City of New York ("City") in the above referenced matter. The City writes to respectfully request: (a) a stay pending the ongoing Department of Correction ("DOC") investigation into the underlying incident until 30 days after the investigation is concluded; or (b) in the alternative, and with Plaintiff's consent, (i) a 45 day extension of time to respond to the Complaint, from May 22, 2023, to July 6, 2023 and (ii) that the Court *sua sponte* also extend the time for the individual defendants to respond to the Complaint – assuming they are properly served by June 15, 2023 – to July 6, 2023. This is the City's first request for a stay and a second request for an extension of time to respond to the Complaint. "At this time, [Plaintiff is] not willing to consent" to a stay; however, noted that, *inter alia*, the parties "can certainly discuss a stay in the future if we believe it is necessary."

I. **Relevant Background**

    On February 27, 2023, Plaintiff initiated this action against the City, "Doctor Doe 1," Correction Officer Ebaka, Doctor Achim Huggins, Correction Officer Melvine Lewis, "Nurse Doe 1," "Officer Does Nos. 1-10," and Captain Smith. (See Dkt. No. 1.) Upon information and belief, on March 2, 2023, the City was served. Thus, the City's response to the Complaint was due on March 23, 2023.

    On March 20, 2023, the City respectfully requested, with Plaintiff's consent: (a) a 60-day extension of time to respond to the Complaint, from March 23, 2023, to May 22, 2023; and (b) that the Court *sua sponte* also extend the time for the individual defendants to respond to the Complaint – assuming that they were properly served by May 1, 2023 – to May 22, 2023. (See Dkt. No. 8.) On March 21, 2023, the Court granted the City's request; extending the deadline for all defendants to respond to the Complaint – assuming that they had been properly served – to May 22, 2023. (See Dkt. No. 9.)

    Most recently, on May 17, 2023, defense counsel learned that DOC is presently conducting an investigation into the December 28, 2021 incident. Of note, upon information and belief, the investigation concerns Plaintiff and an Officer *Ashley* Lewis – not *Melvine* Lewis. Defense counsel thereafter conferred with Plaintiff's counsel, and the parties confirmed that Melvine Lewis was

incorrectly named in this action and that, instead, Correction Officer Ashley Lewis is the defendant that Plaintiff seeks to sue.

Of note, according to the electronic docket, no other defendants – except for the City – have been properly served. Thus, only the City's answer is due on May 22, 2023.

## II. Request for a Stay Pending the Ongoing Related DOC Investigation.

Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970). Specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding or investigation. Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986). Courts in this Circuit have repeatedly stayed civil actions pending active internal investigations by DOC. See, e.g., Shy-Kym Samuel v. Captain Polpotic, et al., 18 Civ. 4039 (JMF) (S.D.N.Y. Aug. 30, 2018) (Docket Entry No. 20; Endorsed Letter granting stay pending DOC investigation); Michael Megginson v. C.O. Molina, et al., 18 Civ. 5808 (GHW) (S.D.N.Y. Sept. 19, 2018) (Docket Entry No. 19; Endorsed Letter granting limited stay pending DOC investigation); Christopher H. Cano v. Officer Oxley, 18 Civ. 3428 (BMC) (CLP) (E.D.N.Y. Oct. 18, 2018) (Docket Entry No. 15, pg. 2; granting stay "pending outcome of an internal investigation into underlying incident by New York City Department of Correction").

There are several reasons necessitating a stay in this matter. First and foremost, the Office of the Corporation Counsel cannot make representation decisions concerning the individually named defendant officers pursuant to New York State Law until the resolution of DOC's internal investigation. Under New York General Municipal Law Section 50-(k), the Office shall, upon an individual defendant's request, represent individual employees in civil actions arising out of any act or omission in the discharge of their duties. Pursuant to Section 50-(k), the Office must first determine whether each individual "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." Id. Since DOC is currently investigating the incident alleged in the Complaint, the Office is unable to make that determination until the resolution of the investigation. This is because if any individual defendant is found to have violated DOC procedures, there would be a conflict of interest between this Office and the individual officer. Moreover, best practices would prevent this Office from even communicating with the individual defendants to inquire about the facts of this matter until the resolution of the proceedings. Indeed, if this Office assumes representation of the individual defendants before the proceedings are complete, but it later becomes apparent that any were ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division, may be conflicted off of the case. Such a result would cause significant and undue expenditure of resources and delay.

Furthermore, until such time as DOC concludes its investigation, the City will not have access to all of the documents regarding the incident alleged in this case – as well as the investigative notes or interviews conducted by the investigation division of DOC – because they are protected from disclosure while the investigation is pending by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 256 (2d Cir. 2005) (noting that inter-agency or intra-agency documents may be subject to the deliberative process privilege if they are both pre-decisional and deliberative) (internal citations and quotations omitted). Without access to this information, the City cannot effectively respond to the Complaint or assess the case for settlement purposes.

Finally, Plaintiff will not be prejudiced in the event that the case is stayed because the documents relevant to the case will have been obtained and preserved by DOC during the investigation. See generally Rosenthal v. Giuliani, 98 Civ. 8408 (SWK), 2001 U.S. Dist. LEXIS 1207, at *6 (S.D.N.Y. Feb. 6, 2001) ("[A] stay in the action will streamline later civil discovery since transcripts from the criminal case will be available to the civil parties."). Moreover, the claims in this case arise from incidents that allegedly occurred in late 2021, reducing concerns regarding the expiration of any relevant statute of limitations.

Thus, the City respectfully requests a stay of the instant matter until 30 days after the conclusion of DOC's investigation. The City can provide updates to the Court and Plaintiff regarding the status of the investigation at whatever interval the Court desires.

### III. In an Abundance of Caution that the Court Does Not Stay the Case, Defendant City Requests an Extension of Time to Respond to the Complaint.

There are several reasons for seeking an extension of time in this matter. As detailed in the City's March 20, 2023 Letter Application, *inter alia*, in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, this Office requires sufficient time to investigate the allegations set forth in the Complaint. (See Dkt. No. 8.) However, the Office is still awaiting receipt of all relevant documentation in this case and, also, as noted above, is presently unable to obtain many of the key documents because of the pending investigation.

Finally, as noted herein, the Office does not yet represent the individual defendants and, thus, the instant application is not made on their behalf. However, the requested extension of time will also afford time for the proper defendant Lewis to be substituted in this action, for the defendants to each be served, and to permit all defendants to potentially submit one responsive pleading.

Accordingly, in an abundance of caution that the Court does not grant a stay, the City respectfully requests, with Plaintiff's consent: (i) a 45 day extension of time to respond to the Complaint, from May 22, 2023, to July 6, 2023 and (ii) that the Court *sua sponte* also extend the time for the individual defendants to respond to the Complaint – assuming that they are properly served by June 15, 2023 – to July 6, 2023.

### IV. Conclusion

Accordingly, the City respectfully requests: (a) a stay pending the ongoing investigation into the underlying incident until 30 days after the investigation is concluded; or (b) in the alternative, and with Plaintiff's consent, (i) a forty-five day extension of time to respond to the Complaint, from May 22, 2023, to July 6, 2023 and (ii) that the Court *sua sponte* also extend the time for the individual defendants to respond to the Complaint – assuming that they are properly served by June 15, 2023 – to July 6, 2023.

The City thanks the Court for its time and consideration.

Respectfully submitted,

/s/ *Nicolette Pellegrino*

Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

3

CC: VIA E.C.F.
Sara Wolkensdorfer, Esq.
*Attorney for Plaintiff*

The Court grants the request to stay the case until 30 days after the conclusion of the pending Department of Correction ("DOC") investigation. The Court expects that the City will conduct the investigation with dispatch. A status update is due from the City every 30 days, apprising the Court of the progress of the investigation. The first status update is due June 20, 2023.

Granted.   SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
May 18, 2023