

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

NICOLETTE PELLEGRINO
*Senior Counsel*
Phone: (212) 356-2338
Fax: (212) 356-3509
Email: npellegr@law.nyc.gov

April 19, 2024

VIA E.C.F.
Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 11201

Re:  Andrew Moss v. the City of New York, et al.,
23 Civ. 01632

Your Honor:

I am a Senior Counsel in the New York City Law Department and am writing on behalf of defendants the City of New York, Doctor Huggins, New York City Department of Correction ("DOC") Captain Smith, and DOC Officer Lewis (collectively, "Defendants") in the above referenced matter.[1] Defendants write to oppose Plaintiff's April 12, 2024 Letter Application to Compel the Defendants "to identify the remaining Doe Officers within 21 days." (Dkt. No. 66.)

By way of relevant background, Plaintiff alleges, *inter alia*, that "forty minutes" after he was engaged in an incident with Officer Lewis, which occurred at around 6:36 am on December 28, 2021, *inter alia*, "[t]he Officer Does threatened" Plaintiff and began "punching him in the ribs and injuring his shoulder. They eventually cuffed him and began bending his hands back in an attempt to snap his wrists." (Dkt. No. 46, Sec. Am. Compl. ¶¶ 51-52.) Of note, upon information and belief, Plaintiff never complained to DOC about this alleged incident while he was in their custody and, thus, DOC has no record of such incident ever occurring and, for example, no video was retained in connection with this new allegation.

Most recently, Plaintiff's counsel sought an extension of time to amend the complaint to name the "John Doe" officers and to compel the Defendants "to identify the remaining Doe Officers within 21 days." (Dkt. No. 66.) Plaintiff further claims that the "John Doe" officers are

---

[1] As noted in the parties' March 28, 2024 Joint Application, the undersigned is no longer in the Special Federal Litigation Division, as of April 12, 2024. However, due to the circumstances of the Plaintiff's Motion, the undersigned is authoring and submitting the Defendants' opposition.

"[a]pproximately 4-5 male correction officers (black and/or [L]atino) working in and/or visiting NIC Dorm 4 on December 28, 2021 at some time between approximately 7:00am and 12:00pm—two of the officers were larger/husky, one was a white shirt (sergeant) and the rest wore regular blue uniforms; and, all of them carried mace and wore regular officer belts." (Id.) However, Plaintiff's request should be denied because it is moot, makes various misrepresentations to the Court, and fails to adhere to the Court's Individual Rules concerning the meet and confer process.

As an initial matter, Plaintiff's claim that the parties "met and conferred several times" since March 4, 2024, is simply not true. On March 14, 2024, Plaintiff emailed the undersigned, noting that Plaintiff was "going to have to ask for another adjournment on the motion to amend" and asked: "1. are there any updates on potential ID of John Does? and 2. Do Defendants consent to the request?" That same day, the undersigned responded that she had "no updates at this time." The parties then discussed a joint letter application on or around March 28, 2024, which was filed on March 28, 2024, where they noted that "there appears to be no documentation concerning the alleged incident concerning the 'John Doe' officers" and, thus, "Defendants are attempting to identify potential individuals who may be the 'John Does' by other means, which is a longer and more detailed process." (See Dkt. No. 63.) Upon information and belief, Plaintiff never mentioned the "John Does" to the undersigned ever again before filing the April 12, 2024 Motion to Compel.

Next, Plaintiff's request is unnecessary and moot because there is no dispute requiring the Court's intervention. Defendants have not disagreed to assist in identifying the "John Doe" officers and, as mentioned in the parties' Joint March 28, 2024 Letter Application, "there appears to be no documentation concerning the alleged incident concerning the 'John Doe' officers" and, thus, "Defendants are attempting to identify potential individuals who may be the 'John Does' by other means, which is a longer and more detailed process." (See Dkt. No. 63.) Thus, the request should be denied as moot.

In any event, the period of time in which the "John Doe" officers may have been allegedly involved should be limited because, while Plaintiff now claims that the incident occurred "some time between approximately 7:00am and 12:00pm" (Dkt. No. 66), the governing pleading makes clear that this alleged incident occurred approximately 40 minutes after Plaintiff attacked Officer Lewis (Dkt. No. 46, Sec. Am. Compl. ¶¶ 51-52), which occurred at around 6:36 am. Plaintiff's counsel also emailed the undersigned that Plaintiff "said it happened pretty shortly after the morning incident with Officer Lewis." Thus, the "John Doe" incident would have allegedly occurred at around 7:16 am; not during a vast five-hour window of time.

Indeed, as previously explained to Plaintiff's counsel, and as the undersigned would have explained again if Plaintiff's counsel bothered to speak with her to meet and confer before writing to the Court, the Defendants are, and have been, working to identify who could have been the "John Doe" officers. Defendants and DOC must determine who was potentially present during this time and who fits the physical descriptions provided by Plaintiff. As noted by Plaintiff, the statute of limitations on this claim does not expire until December 28, 2024: over eight months away and, thus, there is no urgency to identify the "John Does." Defendants hope to have completed this process within sixty days, if not sooner, and will certainly consent to any

of Plaintiff's requests to have until two weeks after the identifications are made to amend the complaint to name those individuals. As noted above, there is no need[2] for Plaintiff to have moved to compel and such motion should be denied as moot.

Finally, Plaintiff's statement that he "reached out to the Defendant City, Defendant Lewis, Defendant Smith, and Defendant Huggins to discuss the motion for an extension of time but did not receive a response" is misleading. Instead, on April 11, 2024, Plaintiff's counsel emailed the undersigned: "I'd like to hold off on a settlement demand until we hear back from our expert and obtain additional medical records from Bellevue Hospital (request is currently pending). I will update the new AAC[sic] on the case as soon as I am able" and "Also -- I am going to need to request another 30 day extension for an amendment of the pleadings -- does the City et al. consent?" But, on March 21, 2024, the undersigned emailed Plaintiff's counsel that she would be "leaving the Special Federal Litigation Division on April 12" and "will be out of the office April 8-12." This was also noted to the Court in the parties' joint March 28, 2024 Application. (See Dkt. No. 63.) Therefore, Plaintiff's counsel knew that the undersigned would be out of the office and unavailable to respond to her April 11, 2024 email *and* – without providing warning or attempting to meet and confer to solve these issues – made this motion during a time where she knew that new counsel would be assigned to defend this case, counsel who would require time to familiarize themselves with the record and would not be able to thoroughly respond.

Accordingly, Plaintiff's April 12, 2024 Letter Application to Compel the Defendants "to identify the remaining Doe Officers within 21 days" should be denied.

The Defendants thank the Court for its consideration.

Respectfully submitted,

/s/ *Nicolette Pellegrino*
Nicolette Pellegrino
*Senior Counsel*

CC:    VIA E.C.F.
Sara Wolkensdorfer, Esq.
*Attorney for Plaintiff*

---

[2] While Plaintiff spends time and resources drafting his motion to compel, he continues to stonewall any potential settlement discussions. Indeed, while the parties jointly agreed on November 2, 2023 – over five months ago – and as memorialized in the Case Management Plan, that they only require "video surveillance" and "investigative documents" concerning the alleged incident involving Ashley Lewis to "aid" in "early settlement of this case" (Dkt. No. 28 ¶¶ 10(a)), despite those documents being produced on November 17, 2024, Plaintiff has refused to make a settlement demand. On March 27, 2024, Plaintiff's counsel informed the undersigned that she was going to speak with her client to discuss settlement, but on April 11, 2024, claimed that Plaintiff wishes to wait until he speaks with his expert and obtains "additional medical records from Bellevue Hospital."

3

Given defendant's counsel's representation that plaintiff's counsel did not seek to meet and confer with defendant's counsel before filing the instant motion to compel, the Court denies plaintiff's motion to compel without prejudice. Dkt. 66. The Court notes, however, that it has now granted five extensions of time for amendment of the pleadings, Dkts. 41, 54, 58, 62, 67, and it appears that plaintiff is no closer to being able to identify the John Doe defendants. The Court expects defendant's counsel to work promptly to identify the persons who were potentially present, and hopes that process can be completed far sooner than in 60 days' time (which would require yet another extension, despite the fact that the initial deadline for amendment of the pleadings elapsed more than four months ago). The Court reminds all counsel of this Court's expectation that they will conduct this litigation with congeniality, respect, and responsiveness.

SO ORDERED.

Dated: April 22, 2024
      New York, New York

PAUL A. ENGELMAYER
United States District Judge