UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ANDREW MOSS,

                         Plaintiff,

  -against-

THE CITY OF NEW YORK, CORRECTION
OFFICER ASHLEY LEWIS, CAPTAIN OMAR
SMITH, CORRECTION OFFICER CARLOS
SANCHEZ, CORRECTION OFFICER MARCUS
ALLEN, CORRECTION OFFICER JUSTIN
ANDREWS, ACHIM HUGGINS, CAPTAIN JASON
FERNANDEZ, OFFICER DOES NOS. 1-4,

                         Defendants.

------------------------------------------------------------------------X

**ANSWER TO THE FOURTH
AMENDED COMPLAINT
BY DEFENDANTS CITY OF
NEW YORK, ACHIM
HUGGINS, OMAR SMITH,
ASHLEY LEWIS, AND
JASON FERNANDEZ**


23-CV-01632 (PAE)


**Jury Trial Demanded**

       Defendants the City of New York, Achim Huggins, New York City Department of

Correction ("DOC") Captain Omar Smith, DOC Officer Ashley Lewis, and DOC Captain Jason

Fernandez (collectively, "Defendants"),[1] by their attorney, Muriel Goode-Trufant, Acting

Corporation Counsel of the City of New York, for their answer to the Fourth Amended Complaint

(Dkt. No. 102), respectfully allege, upon information and belief, as follows:

       1.      Deny the allegations contained in Paragraph "1" of the Fourth Amended

Complaint, except admit that Plaintiff purports to bring this action and seek relief as stated therein.

       2.      Deny the allegations contained in Paragraph "2" of the Fourth Amended

Complaint, except admit that Plaintiff purports to bring this action as stated therein.

---

[1] Upon information and belief, Correction Officers Carlos Sanchez, Marcus Allen, and Justin
Andrews have not yet been properly served with the Fourth Amended Complaint and, therefore,
their response is not yet due.

3.      Deny the allegations contained in Paragraph "3" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

4.      Deny the allegations contained in Paragraph "4" of the Fourth Amended Complaint, except admit that on February 25, 2022, Plaintiff served a notice of claim and was issued an "eCLAIM Receipt" with the Receipt Number of "202200098023" and that on March 25, 2022, Plaintiff served another notice of claim and was issued an "eCLAIM Receipt" with the Receipt Number of "202200099181"; insofar as it contains conclusions of law, no response is required.

5.      Deny the allegations contained in Paragraph "5" of the Fourth Amended Complaint, except admit that on August 17, 2022, a 50-H hearing was held pursuant to claim number 2022PI005660.

6.      Deny the allegations contained in Paragraph "6" of the Fourth Amended Complaint, except admit that, upon information and belief, Plaintiff's claim was not settled with the New York City Comptroller's Office.

7.      Deny the allegations contained in Paragraph "7" of the Fourth Amended Complaint, except admit that Plaintiff purports to base venue as stated therein.

8.      Paragraph "8" is not an allegation of fact that requires a response.

9.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of the Fourth Amended Complaint.

10.      Deny the allegations contained in Paragraph "10" of the Fourth Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

11.     Deny the allegations contained in Paragraph "11" of the Fourth Amended Complaint, except admit that the City of New York maintains the New York City Department of Correction ("DOC"), and Defendants respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and DOC.

12.     Deny the allegations contained in Paragraph "12" of the Fourth Amended Complaint, except admit that, on December 28, 2021, defendant Ashley Lewis (Shield No. 18420) was employed by the City of New York as a member of DOC and identifies as a black woman; insofar as it contains conclusions of law, no response is required.

13.     Deny the allegations contained in Paragraph "13" of the Fourth Amended Complaint, except admit that, on November 29, 2021, defendant Omar Smith (Shield No. 1651) was employed by the City of New York as a member of DOC; insofar as it contains conclusions of law, no response is required.

14.     Deny the allegations contained in Paragraph "14" of the Fourth Amended Complaint, except admit that, on November 29, 2021, defendant Carlos Sanchez was employed by the City of New York as a member of DOC; insofar as it contains conclusions of law, no response is required.

15.     Deny the allegations contained in Paragraph "15" of the Fourth Amended Complaint, except admit that, on November 29, 2021, defendant Marcus Allen was employed by the City of New York as a member of DOC; insofar as it contains conclusions of law, no response is required.

16.     Deny the allegations contained in Paragraph "16" of the Fourth Amended Complaint, except admit that, on November 29, 2021, defendant Justin Andrews was employed

by the City of New York as a member of DOC; insofar as it contains conclusions of law, no response is required.

17.    Deny the allegations contained in Paragraph "17" of the Fourth Amended Complaint, except admit that, on November 29, 2021, defendant Jason Fernandez was employed by the City of New York as a member of DOC; insofar as it contains conclusions of law, no response is required.

18.    Deny the allegations contained in Paragraph "18" of the Fourth Amended Complaint, except admit that, on December 28, 2021, defendant Achim Huggins was employed by the Physician Affiliate Group of New York, P.C. ("PAGNY") as a member of medical staff on Riker's Island; insofar as it contains conclusions of law, no response is required.

19.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "19" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

20.    Paragraph "20" is not an allegation of fact that requires a response.

21.    Paragraph "21" of the Fourth Amended Complaint sets forth conclusions of law to which no response is required.

22.    In response to the allegations set forth in Paragraph "22" of the Fourth Amended Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

23.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "23" of the Fourth Amended Complaint, except admit that, upon information and belief, Plaintiff's medical records indicate that he had cardiomyopathy and a defibrillator.

24.     Deny the allegations set forth in Paragraph "24" of the Fourth Amended Complaint and respectfully refer the Court to the cited Rules of the City of New York for a complete and accurate recitation of its contents.

25.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25" of the Fourth Amended Complaint.

26.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Fourth Amended Complaint.

27.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "27" of the Fourth Amended Complaint.

28.     Deny the allegations set forth in Paragraph "28" of the Fourth Amended Complaint.

29.     Deny the allegations set forth in Paragraph "29" of the Fourth Amended Complaint.

30.     Deny the allegations set forth in Paragraph "30" of the Fourth Amended Complaint; Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "30" of the Fourth Amended Complaint concerning what medical treatment Plaintiff obtained prior to his incarceration.

31.     Deny the allegations set forth in Paragraph "31" of the Fourth Amended Complaint.

32.     Deny the allegations set forth in Paragraph "32" of the Fourth Amended Complaint.

33.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "33" of the Fourth Amended Complaint, except admit that

Plaintiff was prescribed Atenolol; Deny the allegations set forth in Paragraph "33" of the Fourth Amended Complaint concerning the alleged missed medication.

34.     Deny the allegations set forth in Paragraph "34" of the Fourth Amended Complaint; Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "34" of the Fourth Amended Complaint concerning whether Plaintiff "experienced difficulty breathing and an exacerbation of his asthma."

35.     Deny the allegations set forth in Paragraph "35" of the Fourth Amended Complaint.

36.     Deny the allegations set forth in Paragraph "36" of the Fourth Amended Complaint.

37.     Deny the allegations set forth in Paragraph "37" of the Fourth Amended Complaint.

38.     Deny the allegations set forth in Paragraph "38" of the Fourth Amended Complaint; Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "38" of the Fourth Amended Complaint concerning Plaintiff's "several" grievances.

39.     Deny the allegations set forth in Paragraph "39" of the Fourth Amended Complaint; Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "39" of the Fourth Amended Complaint concerning how Plaintiff allegedly cut his feet.

40.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "40" of the Fourth Amended Complaint, except admit that Plaintiff was treated by medical staff.

41.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "41" of the Fourth Amended Complaint, except admit that on November 29, 2021, Plaintiff, *inter alia*, appeared irritable and refused evaluations by staff.

42.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "42" of the Fourth Amended Complaint, except admit that Plaintiff was seen by medical staff on November 29, 2021.

43.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "43" of the Fourth Amended Complaint.

44.    Deny the allegations set forth in Paragraph "44" of the Fourth Amended Complaint, except admit that Plaintiff was seen by medical staff on November 29, 2021; insofar as it contains conclusions of law, no response is required.

45.    Deny the allegations set forth in Paragraph "45" of the Fourth Amended Complaint.

46.    Respectfully state that Paragraph "46" of the Fourth Amended Complaint is unintelligible and, therefore, Defendants are unable to admit or deny.

47.    Deny the allegations set forth in Paragraph "47" of the Fourth Amended Complaint.

48.    Deny the allegations set forth in Paragraph "48" of the Fourth Amended Complaint.

49.    Deny the allegations set forth in Paragraph "49" of the Fourth Amended Complaint.

50.    Deny the allegations set forth in Paragraph "50" of the Fourth Amended Complaint.

51.     Deny the allegations set forth in Paragraph "51" of the Fourth Amended Complaint, except admit that Officer Lewis never spoke to Plaintiff before this incident.

52.     Deny the allegations set forth in Paragraph "52" of the Fourth Amended Complaint.

53.     Deny the allegations set forth in Paragraph "53" of the Fourth Amended Complaint; Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "53" of the Fourth Amended Complaint concerning any alleged insinuations.

54.     Deny the allegations set forth in Paragraph "54" of the Fourth Amended Complaint, except admit that Plaintiff had a "superficial linear abrasion" with "no bleeding or bruising" on his left wrist at around 9:30 a.m.

55.     Deny the allegations set forth in Paragraph "55" of the Fourth Amended Complaint.

56.     Deny the allegations set forth in Paragraph "56" of the Fourth Amended Complaint, except admit that on December 28, 2021, at around 9:30 a.m., Dr. Huggins treated Plaintiff and Plaintiff signed a document certifying that he received medical attention.

57.     Deny the allegations set forth in Paragraph "57" of the Fourth Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "57" of the Fourth Amended Complaint concerning the details of Plaintiff's telephone call.

58.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "58" of the Fourth Amended Complaint.

59.     In response to the allegations set forth in Paragraph "59" of the Fourth Amended Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

60.     Deny the allegations set forth in Paragraph "60" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

61.     Deny the allegations set forth in Paragraph "61" of the Fourth Amended Complaint, except admit that Plaintiff was seen by medical staff on, among other days, November 29, 2021, and December 28, 2021; insofar as it contains conclusions of law, no response is required.

62.     Deny the allegations set forth in Paragraph "62" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

63.     In response to the allegations set forth in Paragraph "63" of the Fourth Amended Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

64.     Deny the allegations set forth in Paragraph "64" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required

65.     Deny the allegations set forth in Paragraph "65" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required

66.     Deny the allegations set forth in Paragraph "66" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required

67.     Deny the allegations set forth in Paragraph "67" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required

68.     Deny the allegations set forth in Paragraph "68" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required

69.     In response to the allegations set forth in Paragraph "69" of the Fourth Amended Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

70.     Deny the allegations set forth in Paragraph "70" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

71.     Deny the allegations set forth in Paragraph "71" of the Fourth Amended Complaint.

72.     Deny the allegations set forth in Paragraph "72" of the Fourth Amended Complaint.

73.     Deny the allegations set forth in Paragraph "73" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

74.     In response to Paragraph "74" of the Fourth Amended Complaint, respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

75.     Deny the allegations set forth in Paragraph "75" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

76.     Deny the allegations set forth in Paragraph "76" of the Fourth Amended Complaint, except admit that the City is not liable for any alleged punitive damages; insofar as it contains conclusions of law, no response is required.

77.     Deny the allegations set forth in Paragraph "77" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

78.     Deny the allegations set forth in Paragraph "78" of the Fourth Amended Complaint and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

79.     Deny the allegations set forth in Paragraph "79" of the Fourth Amended Complaint and respectfully refer the Court to the cited documents for a complete and accurate recitation of their contents.

80.     Deny the allegations set forth in Paragraph "80" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

81.     Deny the allegations set forth in Paragraph "81" of the Fourth Amended Complaint and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

82.     Deny the allegations set forth in Paragraph "82" of the Fourth Amended Complaint and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

83.     Deny the allegations set forth in Paragraph "83" of the Fourth Amended Complaint and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

84.     In response to Paragraph "84" of the Fourth Amended Complaint, respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

85.     Deny the allegations set forth in Paragraph "85" of the Fourth Amended Complaint and respectfully refer the Court to the referenced lawsuit for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

86.      Deny the allegations set forth in Paragraph "86" of the Fourth Amended Complaint and respectfully refer the Court to the referenced quotation for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

87.      Deny the allegations set forth in Paragraph "87" of the Fourth Amended Complaint and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

88.      Deny the allegations set forth in Paragraph "88" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

89.      Deny the allegations set forth in Paragraph "89" of the Fourth Amended Complaint.

90.      In response to Paragraph "90" of the Fourth Amended Complaint, respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

91.      Deny the allegations set forth in Paragraph "91" of the Fourth Amended Complaint and respectfully refer the Court to the cited documents for a complete and accurate recitation of their contents.

92.      Deny the allegations set forth in Paragraph "92" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

93.      Deny the allegations set forth in Paragraph "93" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

94.     Deny the allegations set forth in Paragraph "94" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

95.     Deny the allegations set forth in Paragraph "95" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

96.     In response to Paragraph "96" of the Fourth Amended Complaint, respectfully refer the Court to the cited to case for a complete and accurate recitation of its contents.

97.     In response to Paragraph "97" of the Fourth Amended Complaint, respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

98.     In response to Paragraph "98" of the Fourth Amended Complaint, respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

99.     In response to Paragraph "99" of the Fourth Amended Complaint, respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

100.    Deny the allegations set forth in Paragraph "100" of the Fourth Amended Complaint and respectfully refer the Court to the cited to documents for a complete and accurate recitation of their contents; insofar as it contains conclusions of law, no response is required.

101.    Deny the allegations set forth in Paragraph "101" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

102.    Deny the allegations set forth in Paragraph "102" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

103.    In response to Paragraph "103" of the Fourth Amended Complaint, respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

104.    Deny the allegations set forth in Paragraph "104" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

105.    Deny the allegations set forth in Paragraph "105" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

106.    Deny the allegations set forth in Paragraph "106" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

107.    Deny the allegations set forth in Paragraph "107" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

108.    Deny the allegations set forth in Paragraph "108" of the Fourth Amended Complaint.

109.    Deny the allegations set forth in Paragraph "109" of the Fourth Amended Complaint.

110.    In response to Paragraph "110" of the Fourth Amended Complaint, respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

111.    Deny the allegations set forth in Paragraph "111" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

112.    Deny the allegations set forth in Paragraph "112" of the Fourth Amended Complaint.

113.    Deny the allegations set forth in Paragraph "113" of the Fourth Amended Complaint.

114.    In response to Paragraph "114" of the Fourth Amended Complaint, respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

115.    Deny the allegations set forth in Paragraph "115" of the Fourth Amended Complaint.

116.    In response to Paragraph "116" of the Fourth Amended Complaint, respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

117.    Deny the allegations set forth in Paragraph "117" of the Fourth Amended Complaint.

118.    Deny the allegations set forth in Paragraph "118" of the Fourth Amended Complaint.

119.    Deny the allegations set forth in Paragraph "119" of the Fourth Amended Complaint.

120.    Deny the allegations set forth in Paragraph "120" of the Fourth Amended Complaint.

121.    Deny the allegations set forth in Paragraph "121" of the Fourth Amended Complaint.

122.    Deny the allegations set forth in Paragraph "122" of the Fourth Amended Complaint.

123.    Deny the allegations set forth in Paragraph "123" of the Fourth Amended Complaint.

124.    Deny the allegations set forth in Paragraph "124" of the Fourth Amended Complaint.

125.    Deny the allegations set forth in Paragraph "125" of the Fourth Amended Complaint.

126.    Deny the allegations set forth in Paragraph "126" of the Fourth Amended Complaint, except admit that the Vernon C. Bain Center is an active housing unit.

127.    Deny the allegations set forth in Paragraph "127" of the Fourth Amended Complaint.

128.    Deny the allegations set forth in Paragraph "128" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

129.    Deny the allegations set forth in Paragraph "129" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

130.    Deny the allegations set forth in Paragraph "130" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

131.    Deny the allegations set forth in Paragraph "131" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

132.    Deny the allegations set forth in Paragraph "132" of the Fourth Amended Complaint.

133.    Deny the allegations set forth in Paragraph "133" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

134.    Deny the allegations set forth in Paragraph "134" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

135.    Deny the allegations set forth in Paragraph "135" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

136.    Deny the allegations set forth in Paragraph "136" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

137.    Deny the allegations set forth in Paragraph "137" of the Fourth Amended Complaint.

138.    Deny the allegations set forth in Paragraph "138" of the Fourth Amended Complaint.

139.    Deny the allegations set forth in Paragraph "139" of the Fourth Amended Complaint.

140.    Deny the allegations set forth in Paragraph "140" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

141.    Deny the allegations set forth in Paragraph "141" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

142.    Deny the allegations set forth in Paragraph "142" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

143.    Deny the allegations set forth in Paragraph "143" of the Fourth Amended Complaint and respectfully refer the Court to the cited to documents for a complete and accurate recitation of their contents; insofar as it contains conclusions of law, no response is required.

144.    Deny the allegations set forth in Paragraph "144" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

145.    Deny the allegations set forth in Paragraph "145" of the Fourth Amended Complaint.

146.    Deny the allegations set forth in the first sentence of Paragraph "146" of the Fourth Amended Complaint and, concerning the second sentence of Paragraph "146," respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents

147.    In response to the first sentence of Paragraph "147" of the Fourth Amended Complaint, respectfully refer the Court to the cited to documents for a complete and accurate recitation of their contents; concerning the second sentence in Paragraph "147" of the Fourth Amended Complaint, admit only that Rabiah Gaynor stated that in December 2021, 1,061 of the 43,090 scheduled clinic appointments were missed for "no escorts."

148.    Deny the allegations set forth in Paragraph "148" of the Fourth Amended Complaint and respectfully refer the Court to the cited to documents for a complete and accurate recitation of their contents; insofar as it contains conclusions of law, no response is required.

149.    Deny the allegations set forth in Paragraph "149" of the Fourth Amended Complaint and respectfully refer the Court to the cited to documents for a complete and accurate recitation of their contents.

150.    Deny the allegations set forth in Paragraph "150" of the Fourth Amended Complaint and respectfully refer the Court to the cited to documents for a complete and accurate recitation of its contents.

151.    Deny the allegations set forth in Paragraph "151" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

152.    Deny the allegations set forth in the first sentence of Paragraph "152" of the Fourth Amended Complaint and, concerning the second sentence of Paragraph "152," respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

153.    In response to Paragraph "153" of the Fourth Amended Complaint, respectfully refer the Court to the cited to documents for a complete and accurate recitation of their contents.

154.    In response to Paragraph "154" of the Fourth Amended Complaint, respectfully refer the Court to the cited to documents for a complete and accurate recitation of their contents.

155.    Deny the allegations set forth in the first sentence of Paragraph "155" of the Fourth Amended Complaint and, concerning the second sentence of Paragraph "155," respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

156.    Deny the allegations set forth in Paragraph "156" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

157.    Deny the allegations set forth in Paragraph "157" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

158.    Deny the allegations set forth in Paragraph "158" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

159.    Deny the allegations set forth in Paragraph "159" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

160.    Deny the allegations set forth in Paragraph "160" of the Fourth Amended Complaint and respectfully refer the Court to the cited to documents for a complete and accurate recitation of their contents; insofar as it contains conclusions of law, no response is required.

161.    Paragraph "161" of the Fourth Amended Complaint is a conclusion of law and, thus, no response is required.

162.    Paragraph "162" of the Fourth Amended Complaint is a conclusion of law and, thus, no response is required.

163.    Deny the allegations set forth in Paragraph "163" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

164.    Deny the allegations set forth in Paragraph "164" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

165.    Deny the allegations set forth in Paragraph "165" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

166.    In response to Paragraph "166" of the Fourth Amended Complaint, respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

167.    In response to Paragraph "167" of the Fourth Amended Complaint, respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

168.    Deny the allegations set forth in Paragraph "168" of the Fourth Amended Complaint.

169.    In response to Paragraph "169" of the Fourth Amended Complaint, respectfully refer the Court to the cited to section of Criminal Procedure Law for a complete and accurate recitation of its contents.

170.    In response to the first sentence of Paragraph "170" of the Fourth Amended Complaint, respectfully refer the Court to the cited to section of Criminal Procedure Law for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

171.    Deny the allegations set forth in Paragraph "171" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

172.    In response to Paragraph "172" of the Fourth Amended Complaint, respectfully refer the Court to the referenced document for a complete and accurate recitation of its contents.

173.    Deny the allegations set forth in Paragraph "173" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

174.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "174" of the Fourth Amended Complaint.

175.    In response to Paragraph "175" of the Fourth Amended Complaint, respectfully refer the Court to the referenced document for a complete and accurate recitation of its contents.

176.    Paragraph "176" of the Fourth Amended Complaint is a conclusion of law and, thus, no response is required.

177.    Deny the allegations set forth in Paragraph "177" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

178.    Deny the allegations set forth in Paragraph "178" of the Fourth Amended Complaint.

179.    Deny the allegations set forth in Paragraph "179" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

180.    Deny the allegations set forth in Paragraph "180" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

181.    Deny the allegations set forth in Paragraph "181" of the Fourth Amended Complaint and respectfully refer the Court to the cited to documents for a complete and accurate recitation of their contents.

182.    Deny the allegations set forth in Paragraph "182" of the Fourth Amended Complaint, except admit that, upon information and belief, Brandon Rodriguez, Segundo Guallpa, Tomas Carlo-Camacho, Javier Velasco, Anthony Scott, and Dashawn Carter passed away in DOC custody.

183.    In response to Paragraph "183" of the Fourth Amended Complaint, respectfully refer the Court to the referenced citation for a complete and accurate recitation of its contents.

184.    Deny the allegations set forth in Paragraph "184" of the Fourth Amended Complaint.

185.    In response to Paragraph "185" of the Fourth Amended Complaint, respectfully refer the Court to the referenced documents for a complete and accurate recitation of their contents.

186.    Deny the allegations set forth in Paragraph "186" of the Fourth Amended Complaint and respectfully refer the Court to the referenced documents for a complete and accurate recitation of their contents.

187.    Deny the allegations set forth in Paragraph "187" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

188.    Deny the allegations set forth in Paragraph "188" of the Fourth Amended Complaint.

189.    Deny the allegations set forth in Paragraph "189" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

190.    Deny the allegations set forth in Paragraph "190" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

191.    Deny the allegations set forth in Paragraph "191" of the Fourth Amended Complaint and respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

192.    Deny the allegations set forth in Paragraph "192" of the Fourth Amended Complaint concerning the City's compliance and respectfully refer the Court to the cited to injunction for a complete and accurate recitation of its contents; insofar as it contains conclusions of law, no response is required.

193.    In response to Paragraph "193" of the Fourth Amended Complaint, respectfully refer the Court to the cited to document for a complete and accurate recitation of its contents.

194.    Deny the allegations set forth in Paragraph "194" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

195.    Deny the allegations set forth in Paragraph "195" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

196.    Deny the allegations set forth in Paragraph "196" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

197.    In response to the allegations set forth in Paragraph "197" of the Fourth Amended Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

198.   Deny the allegations set forth in Paragraph "198" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

199.   Deny the allegations set forth in Paragraph "199" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

200.   Deny the allegations set forth in Paragraph "200" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

201.   Paragraph "201" of the Fourth Amended Complaint is a conclusion of law and, thus, no response is required.

202.   In response to the allegations set forth in Paragraph "202" of the Fourth Amended Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

203.   Deny the allegations set forth in Paragraph "203" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

204.   Deny the allegations set forth in Paragraph "204" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

205.   Deny the allegations set forth in Paragraph "205" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

206.   Paragraph "206" of the Fourth Amended Complaint is a conclusion of law and, thus, no response is required.

207.   In response to the allegations set forth in Paragraph "207" of the Fourth Amended Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

208.    Deny the allegations set forth in Paragraph "208" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

209.    Deny the allegations set forth in Paragraph "209" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

210.    Deny the allegations set forth in Paragraph "210" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required.

211.    Paragraph "211" of the Fourth Amended Complaint is a conclusion of law and, thus, no response is required.

212.    In response to the allegations set forth in Paragraph "212" of the Fourth Amended Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

213.    Paragraph "213" of the Fourth Amended Complaint is a conclusion of law and, thus, no response is required.

214.    Deny the allegations set forth in Paragraph "214" of the Fourth Amended Complaint; insofar as it contains conclusions of law, no response is required

215.    Paragraph "215" of the Fourth Amended Complaint is a conclusion of law and, thus, no response is required.

216.    Paragraph "216" of the Fourth Amended Complaint is a conclusion of law and, thus, no response is required.

217.    Paragraph "217" of the Fourth Amended Complaint is a conclusion of law and, thus, no response is required.

218.     Deny the allegations set forth in the "Wherefore" clause of the Fourth Amended Complaint, including its subparts, except admit that Plaintiff seeks relief as stated therein.

### FIRST AFFIRMATIVE DEFENSE:

219.     The Fourth Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

220.     Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any acts of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE:

221.     Defendants Doctor Huggins, Captain Smith, Officer Lewis, and Captain Fernandez have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE:

222.     At all times relevant to the acts alleged in the Fourth Amended Complaint, defendants Doctor Huggins, Captain Smith, Officer Lewis, and Captain Fernandez acted reasonably in the proper and lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendants Doctor Huggins, Captain Smith, Officer Lewis, and Captain Fernandez are entitled to governmental immunity from liability on purported state law claims, if any.

### FIFTH AFFIRMATIVE DEFENSE:

223.    At all times relevant to the acts alleged in the Fourth Amended Complaint, defendant the City of New York, its agents, and officials, acted reasonably and properly in the lawful exercise of its discretion and/or judgmental functions/decisions. Therefore, the City of New York is entitled to governmental immunity from liability on purported state law claims, if any.

## SIXTH AFFIRMATIVE DEFENSE:

224.    Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, and/or the intervening culpable and/or negligent conduct of others, non-parties or third parties for whom defendants are not responsible, and was not the proximate result of any act of defendants.

## SEVENTH AFFIRMATIVE DEFENSE:

225.    Plaintiff received timely and sufficient medical treatment.

## EIGHTH AFFIRMATIVE DEFENSE:

226.    Plaintiff may have failed to mitigate his alleged damages.

## NINTH AFFIRMATIVE DEFENSE:

227.    To the extent that the Fourth Amended Complaint alleges any claims arising under the laws of the State of New York, such claims may be barred in whole or in part by reason of Plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50.

## TENTH AFFIRMATIVE DEFENSE

228.    Plaintiff failed to plead a viable claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

## ELEVENTH AFFIRMATIVE DEFENSE

229.    Plaintiff's claims may be barred, in whole or in part, by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, for failure to exhaust his administrative remedies.

## TWELFTH AFFIRMATIVE DEFENSE

230.    Plaintiff's claims may be barred by the statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

231.    Plaintiff provoked any use of force incident.

**WHEREFORE,** Defendants request judgment dismissing the Fourth Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
　　　　November 1, 2024

　　　　　　　　　　　　　　　　　　　MURIEL GOODE-TRUFANT
　　　　　　　　　　　　　　　　　　　Acting Corporation Counsel
　　　　　　　　　　　　　　　　　　　of the City of New York
　　　　　　　　　　　　　　　　　　　*Attorney for City, Huggins, Smith, Lewis, and Fernandez*
　　　　　　　　　　　　　　　　　　　100 Church Street, Room 3-219
　　　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　　　(212) 356-2413

　　　　　　　　　　　　　　　　　　　By: /s/ *Joseph M. Hiraoka, Jr.*
　　　　　　　　　　　　　　　　　　　　Joseph M. Hiraoka, Jr.
　　　　　　　　　　　　　　　　　　　　*Senior Counsel*
　　　　　　　　　　　　　　　　　　　　Special Federal Litigation Division

CC:　　VIA E.C.F.
　　　　Sara Wolkensdorfer, Esq.
　　　　*Attorney for Plaintiff*

29